IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| VICKI STILLMUNKES,<br><br>    Plaintiff,<br><br>vs.<br><br>GIVAUDAN FLAVORS CORPORATION, a Delaware corporation; FIRMENICH INCORPORATED; and SYMRISE, INC., *formerly doing business as* Dragoco, Inc.,<br><br>    Defendants.<br>------------------------------<br>SYMRISE, INC.,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>POLAROME MANUFACTURING CO., *aka* Polarome International, Inc.,<br><br>    Third-Party Defendant. | No. C04-0085<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on the Motion for Leave to Request Punitive Damages Against Givaudan (docket number 430) filed by the Plaintiff on November 17, 2008, the Resistance to Plaintiff's Motion to Amend (docket number 432) filed by Defendant Givaudan Flavors Corporation on December 1, 2008, and the Reply Brief (docket number 433) filed by the Plaintiff on December 4, 2008. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

1

## RELEVANT FACTS

This case has a long history. On July 6, 2004, Plaintiff Vicki Stillmunkes filed a Complaint (docket number 1) seeking damages against International Flavors & Fragrances, Inc., Bush Boake Allen, Inc., Givaudan Flavors Corp., and 20 unknown Defendants. The complaint was amended on July 19, 2004 to add Firmenich Incorporated, Symrise Inc., and Dragoco, Inc. as additional Defendants.[1] *See* First Amended Complaint (docket number 3). Plaintiff claims that she has contracted respiratory illnesses as a consequence of her exposure to diacetyl-containing products at her workplace.

Following a scheduling conference, the Court entered an Order on December 7, 2004, establishing pretrial deadlines. Among other things, the Court ordered that "[m]otions to amend the pleadings shall be filed by June 15, 2005." *See* Order (docket number 60).[2] On June 3, 2005, Defendant Symrise filed a motion for leave to file a third-party complaint against Polarome Manufacturing Co., seeking contribution. The motion was granted and a Third-Party Complaint (docket number 95) was filed on June 29, 2005.

On August 24, 2006, the Court entered an Amended Order (docket number 152) establishing new pretrial deadlines. The deadline for filing motions to amend pleadings was extended to October 1, 2006. A trial date of October 9, 2007 was established. The trial was later continued to June 9, 2008. *See* Order Resetting Trial (docket number 304). However, the deadline for amending the pleadings was not extended further. On May 19, 2008, the trial date was continued indefinitely. *See* docket number 395. The case was

---

[1] Defendant Dragoco, Inc. was dismissed voluntarily by Plaintiff on November 17, 2004. *See* docket number 51.

[2] On June 16, 2005, Plaintiff and Defendants International Flavors & Fragrances, Inc. and Bush Boake Allen, Inc. filed a Joint and Stipulated Motion to Dismiss Defendants International Flavors & Fragrances, Inc. and Bush Boake Allen, Inc. Without Prejudice. Those two Defendants were dismissed from the action on June 21, 2005. *See* Order (docket number 91).

subsequently transferred back to Judge McManus (docket number 427) and trial is now scheduled for April 20, 2009.

## *DISCUSSION*

Stillmunkes seeks permission to file a second amended complaint (docket number 430-4). The proposed second amended complaint is identical to the first amended complaint, except it alleges that "Plaintiff is also entitled to an award of punitive damages against defendant Givaudan."[3] The "relief requested" in the proposed second amended complaint includes a request that the Court "[a]ward Stillmunkes punitive damages against Givaudan for the acts complained of herein in an amount to be determined by a jury."

Absent consent of the adverse party, "a party may amend the party's pleading only by leave of court." FED. R. CIV. P. 15(a). However, "leave shall be freely given when justice so requires." *Id.* Thus, the FEDERAL RULES OF CIVIL PROCEDURE liberally permit amendments to pleadings. *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000).

Plaintiffs do not, however, have an absolute or automatic right to amend. *United States v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005).

> [T]here is no absolute right to amend and a court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility.

*Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (citing *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005)).

Here, Givaudan argues that the motion is not timely and should be denied as a consequence of "undue delay." As noted by Givaudan, the deadline for amending the

---

[3] The proposed second amended complaint also omits references to Defendants International Flavors & Fragrances, Inc. and Bush Boake Allen, Inc., who were previously dismissed from this action.

3

pleadings was October 1, 2006, more than two years prior to the filing of the instant motion. Furthermore, Plaintiff's request to add a claim for punitive damages was not filed until after the trial had been twice continued.

Delay alone, however, is not sufficient justification for denying a motion to amend; prejudice to the nonmovant must also be shown.

> We have held that delay alone is not reason in and of itself to deny leave to amend. The delay must have resulted in unfair prejudice to the party opposing amendment. The burden of proof of prejudice is on the party opposing amendment.

*Sanders v. Clemco Industries*, 823 F.2d 214, 217 (8th Cir. 1987) (internal citations omitted). *See also Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) ("Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment.").

Balanced against the liberal amendment policy of FEDERAL RULE OF CIVIL PROCEDURE 15(a) is the Court's interest in enforcing its scheduling orders. Local Rule 16.f provides, in part, that "[t]he deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause." Plaintiff has not filed a motion to extend the deadline for amending her pleadings, nor has she established good cause why the motion to amend could not have been filed prior to the October 1, 2006 deadline.[4] *See also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Notwithstanding the liberal amendment standards of Rule 15(a), the Court does not abuse its discretion by requiring a movant to satisfy the good cause requirement of Rule 16(b). *See In re Milk Prod. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999).

---

[4] When an act must be done within a specified time, the court may, for good cause shown, extend the time on motion after the time has expired if the party "failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

4

> When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order. (citation omitted) "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."

*Id.* at 437-438 (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). *See also Dishman v. American Gen. Assurance Co.*, 187 F. Supp. 2d 1073, 1092-93 (N.D. Iowa 2002).

In *Freeman v. Busch*, 349 F.3d 582 (8th Cir. 2003), the Court found that the district court did not abuse its discretion in denying plaintiff's motion to amend to add a claim of punitive damages. *Id.* at 589. The motion for leave to amend was filed seven weeks before the end of discovery. Citing *Milk Products*, however, the Court concluded that the district court may properly require good cause be shown for leave to file an amended pleading. "To hold otherwise would eviscerate the purpose of Rule 16(b)." *Id.* The district court found that the plaintiff provided "no reason why punitive damages could not have earlier been alleged." On appeal, the plaintiff likewise provided "no good cause to explain why her motion to amend was filed so late." Accordingly, "the district court was within its discretion to require a showing of 'good cause' and to deny a motion to amend which made no attempt to show such good cause." *Id.*

Turning to the facts in the instant action, Plaintiff filed the instant motion four and one-half years after filing her complaint, more than two years after the deadline for filing such motions expired, and after the trial has been continued twice. Plaintiff has not established good cause why the motion could not have been filed earlier. Even recognizing the liberal amendment policy found in Rule 15(a), the Court concludes that allowing an amendment to the pleadings at this late stage would render the Court's scheduling orders

meaningless. Accordingly, the Court finds that Plaintiff's motion for leave to file a second amended complaint should be denied.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Leave to Request Punitive Damages Against Givaudan (docket number 430) filed by Plaintiff on November 17, 2008 is hereby **DENIED**.

DATED this 10th day of December, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA